JULIUS HARRIS, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

(Argued September 23, 1874; decided January term, 1875.)

THIS was an action to recover compensation for the loss of certain goods delivered to the defendant, as a common carrier, for transportation from the city of New York to Scranton, Pa. Defendant pleaded two former suits between the same parties for the same cause of action in the Mayor's Court of Scranton, in bar, and introduced in evidence exemplified records in said actions which showed that the declarations therein alleged that the goods were delivered by plaintiff to defendant for transportation from the city of Brooklyn to Scranton; that after judgments in favor of defendant appeals were taken and thereafter the costs were paid and the actions " discontinued." The plaintiff, thereupon, introduced in evidence records of further proceedings in said actions, to the effect that the entry on the records of " discontinuance " was, on motion, " stricken off;" that in each case, by leave of court, an amended declaration was filed alleging that the goods were to be transported from the city of New York; that the suits were thereafter discontinued, and that the last entry of discontinuance was, on motion, " revised *nunc pro tunc* " so as to read that plaintiff was allowed to take a nonsuit, and a nonsuit was allowed and entered. The records were received without objection. It appeared that all the proceedings in said actions set forth in the records offered by plaintiff occurred after issue was joined herein. It was claimed by defendant, on appeal, that if the plea of former judgments were true when interposed they could not be avoided by proof that at a later date they were reversed or vacated. *Held,* that this objection could not be raised for the first time upon appeal; but that looking only to the records offered by defendant the actions were not a bar: 1st. Because the declarations show a different contract, *i. e.,* to transport from Brooklyn instead of from New York; 2d. That the statements on the records of " discontinuance " must be presumed to mean that all the proceedings, including the judgments, ceased to be of any binding effect.

The court instructed the jury, that if they found for the plaintiff they might add to the value of the property an amount equivalent to the interest as an item of damages. *Held*, no error.

Among the goods were various articles of wearing apparel of plaintiff's wife, purchased by him for her. The court charged that plaintiff was entitled to recover therefor. *Held*, no error; 1st. Because, if the common-law rule prohibiting a wife from taking personal property as a gift from her husband was abrogated by the act chapter 172, Laws of 1862, in the cases coming within its provisions, it must be made to appear that the case was within those provisions; and as there was no evidence showing when or where plaintiff and his wife intermarried, or when or where the articles in question were acquired, or that she ever claimed them as her separate property, there was nothing to indicate that the common-law rule was not applicable; but, 2d. Because the question could not be raised by defendant, it having received the articles with the other property from plaintiff, it was responsible to him, and in the absence of an adverse claim could not dispute his title.

*Hamilton Odell* for the appellant.

*Charles D. Evans* for the respondent.

Lott, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.